UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JORGE VASQUEZ-ESTRADA, | ) | CASE NO.  4:07 CV1310 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN T.R. SNIEZEK, | ) | |
| | ) | |
| Respondent. | ) | |

On May 4, 2007, pro se petitioner Jorge Vasquez-Estrada filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241 against Warden T.R. Sniezek at the Federal Correctional Institution Elkon ("F.C.I. Elkton") in Ohio.  Mr. Vasquez-Estrada, who is incarcerated at FCI Elkton, claims he was denied due process when fifty-four (54) days of earned good credit time (GCT) was removed from his sentence.  For the reasons stated below, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.

*Factual and Procedural Background*

Mr. Vasquez-Estrada was convicted in the United States District Court for the Southern District of Florida of conspiracy with intent to distribute 5 kg or more of cocaine in violation of 21 U.S.C. §841(A)(1).  He was sentenced to 160 months, and committed to the custody

of the Bureau of Prisons on December 20, 2000.

On or about January 4, 2006, an officer at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania was in the process of a "shakedown" when he discovered a cell phone and head set in an orange cooler that belonged to Mr. Vasquez-Estrada. An Incident Report was prepared, charging petitioner with possession of a cell phone. The offense is classified at the level of "Greatest Severity."

The matter was referred to Disciplinary Hearing Officer (DHO) Kevin Bittenbender, who held a hearing on January 23, 2006. Mr. Vasquez-Estrada states that he requested a staff representative but "the staff member either declined to represent Petitioner or could not appear at the time of the scheduled hearing." (Pet. at 3.)

During the hearing petitioner testified that the orange cooler was given to him by another inmate and he "had 'no idea the phone was hidden inside the (lining) of the cooler'." (Pet. at 3-4.) He explained that he believed that the inmate who gave him the cooler had configured it to conceal the cell phone. Two witnesses "gave accounts which were exculpatory of Petitioner's position." (Pet. at 4.) He consistently maintained that the cell phone was not his. Moreover, he added that the telephone was rusted when the staff member discovered it.

The DHO found Mr. Vasquez-Estrada guilty of the prohibited act and imposed 60 days of disciplinary segregation, the removal of 54 days of GCT, loss of telephone and visitation privileges for one year and a disciplinary transfer. Petitioner claims he then fully exhausted his administrative remedies. Finally, on September 14, 2006 the General Counsel denied his request to reverse the DHO's decision.

*Analysis*

Petitioner claims that even absent compelling evidence of his guilt, the DHO found him guilty of possessing an unauthorized cellular telephone. Without the benefit of legal support, he argues that the respondent's refusal to restore "privileges to which Petitioner otherwise is entitled and the forfeited good time credits, which create a vested liberty interest, is contrary to established Bureau of Prisons policy." (Pet. at 5.) It is his contention that this reflects an abuse of discretion and is contrary to the laws of the United States.

*28 U.S.C. § 2241*

Any challenges to a prison misconduct proceeding resulting in the loss of sentence credit must assert a federal constitutional violation in order to be cognizable in a federal habeas corpus action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Here, Mr. Vasquez-Estrada alleges that the respondent abused its discretion and denied him liberty interest to which he claims entitlement.

It is apparent Mr. Vasquez-Estrada has not stated any constitutional violation. To the extent he claims the respondent imposed unwarranted sanctions, he has not set forth a cognizable claim. Under code section "§ 541.13 Prohibited acts and disciplinary severity scale," appropriate sanctions are outlined for each prohibited act by code number and severity. For a Code 108 violation, "Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt," 305 violation, categorized as Greatest Severity, the regulations provide the following guidance:

> Greatest category offenses. The Discipline Hearing Officer (DHO) shall impose and execute one or more of sanctions A through E. Sanction B.1 must be imposed . . . for a PLRA inmate (i.e., an inmate who has been sentenced for an offense committed on or after April 26, 1996). The DHO may impose and execute sanction F and/or G only in addition to execution of one or more of sanctions A through

3

>E. Except as noted in the sanction, the DHO may also suspend one or more additional sanctions A through G.

28 C.F.R. § 541.13(a)(1). Under "TABLE 3--PROHIBITED ACTS AND DISCIPLINARY SEVERITY SCALE," in the regulation, the loss of up to 100% of earned or non-vested good credit time, disciplinary segregation for up to 60 days, loss of privileges and a disciplinary transfer (recommended) are all listed as possible sanctions from A to G under Greatest Category Offenses. The fact, therefore, that Mr. Vasquez-Estrada lost 54 days of GCT, was placed in disciplinary segregation for 60 days, lost privileges and was subject to a disciplinary transfer for a Code 108 violation does not compromise his rights, inasmuch as these sanctions fall squarely within the parameters of the regulation.

With regard to his claim that the DHO lacked 'compelling evidence' to find him guilty, this is the not standard by which a DHO decision is measured. A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether some evidence supports the decision. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985). The court is not permitted to re-weigh the evidence presented to the board. Id. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, id. at 456, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." Id. at 457. Therefore, petitioner has no claim regarding the insufficiency of the evidence presented at the DHO hearing.

For all the foregoing reasons, the petition is denied and this action dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith.

       IT IS SO ORDERED.

       August 3, 2007

                                         s/ Sara Lioi
                                        SARA LIOI
                                        UNITED STATES DISTRICT JUDGE